IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Freeman, | ) |
| *Plaintiff,* | ) ) ) ) |
| -vs- | ) No. 19-cv-____ ) |
| Edward Winstead, Kenneth Boudreau, William Svilar, Robert Myers, and the City of Chicago, | ) *(jury demand)* ) ) ) ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1343.

2. Plaintiff James Freeman is a resident of the Northern District of Illinois.

3. Defendants Edward Winstead, Kenneth Boudreau, William Svilar, and Robert Myers were, at all times relevant, detectives employed by the City of Chicago in its police department. Plaintiff sues each of these defendants in his individual capacity.

4. Defendant City of Chicago is an Illinois municipal corporation

5. Plaintiff was arrested by Chicago police officers on January 13, 2004. Plaintiff does not raise any claim about the arrest.

6. Defendant Winstead, Boudreau, Svilar, and Myers ignored plaintiff's requests to confer with an attorney while plaintiff was in police custody; defendants Winstead, Boudreau, and Svilar deprived plaintiff of sleep and subjected him to coercive interrogations until they succeeded in eliciting a false confession.

7. The confession was used to hold plaintiff in custody and to secure his conviction of murder.

8. The United States Court of Appeals for the Seventh Circuit granted habeas relief to plaintiff on December 27, 2017.

9. At all times relevant, the City of Chicago has known that defendants Winstead and Boudreau had frequently misused their office to cause persons suspected of crimes to make false confessions.

10. Defendant City of Chicago turned a blind eye to the repeated misconduct of defendants Winstead and Boudreau, consistent with its widespread practice of failing to discipline, supervise, and control its officers.

11. Defendants Winstead, Boudreau, Svilar, and Myers undertook the above described acts because of a widespread code of silence within the Chicago Police Department.

12. As the direct and proximate result of the above described fabrication of evidence, code of silence, and failure to discipline, plaintiff was held in custody and deprived of rights secured by the Fourth, Fifth, and Fourteenth Amendments.

13. Plaintiff demands trial by jury.

14. In accord with what the Supreme Court described in *Wallace v. Kato*, 549 U.S. 384, 394 (2007) as the "common practice," plaintiff requests that the Court stay this case until the criminal case against him has been resolved.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants and appropriate punitive damages be awarded against all defendants other than the City of Chicago. Plaintiff also requests that the costs of this action, including fees and costs, be taxed against defendants.

/s/ <u>Kenneth N. Flaxman</u>
KENNETH N. FLAXMAN
ARDC No. 830399
JOEL A. FLAXMAN
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*